IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

UNITED STATES OF AMERICA, for      *
the use and benefit of
LGS GROUP, LLC,                   *

      Plaintiffs,             *

                             CASE NO. 4:09-CV-72 (CDL)
vs.                         *

WALBRIDGE ALDINGER COMPANY,     *
et al.,
                           *

      Defendants.

                           *

O R D E R

Presently pending before the Court is Defendants' Motion to Deem Admitted Defendants' First Requests for Admissions, Motion for Summary Judgment and Motion for Default Judgment in Favor of Walbridge Aldinger Company (ECF No. 30).[1]  For the reasons set forth below, the motions are granted.

FACTUAL BACKGROUND

LGS filed a Complaint against Defendants for various claims arising out of a construction contract for improvements to the 75th Ranger Regimental Headquarters at Ft. Benning, Georgia. *See generally* Compl., ECF No. 1.  Defendant Walbridge Aldinger

---

[1] On September 23, 2011, the Court notified LGS Group, LLC ("LGS") via written order that it would consider these pending motions.  Order, Sept. 23, 2011, ECF No. 39.  The Court directed the Clerk to serve the Order on LGS by mailing it to the best last known addresses for LGS. *Id.* at 2.  The Clerk's correspondence to LGS was returned as undeliverable.  Letter to J. Lawson, ECF No. 40; Letter to Business Filings, Incorporated, ECF No. 41.  LGS has not responded to Defendants' motions.

Company ("Walbridge") was awarded the contract and entered a subcontract with LGS for certain work on the project.  *Id.* ¶¶ 7, 9.  Defendants Travelers Casualty and Surety Company of America ("Travelers") and Federal Insurance Company ("Federal") issued a payment bond for the project.  *Id.* ¶ 8.  LGS alleged that Walbridge breached the subcontract by failing to pay LGS in full for its work, *id.* ¶¶ 32-37, and that Travelers and Federal are liable on the payment bond, *id.* ¶¶ 39-50.

Walbridge filed a Counterclaim against LGS, alleging that LGS had abandoned the project and that Walbridge had to pay certain expenses due to LGS's breach of the subcontract.  Answer & Countercl. 8 ¶¶ 26-31, ECF No. 10.  LGS did not answer or otherwise respond to the Counterclaim, and the Clerk entered a default against LGS as to Walbridge's Counterclaim against LGS. Text Only Entry of Default as to LGS, Nov. 6, 2009.  LGS has not challenged the entry of default.  LGS also never filed its initial disclosures in accordance with the Court's Scheduling and Discovery Order.

Defendants served LGS with their First Requests for Admissions.  Defs.' Mem. in Supp. of Mot. to Deem Admitted Defs.' First Reqs. for Admis. Ex. C, Defs.' First Reqs. for Admis., ECF No. 30-5.  In the Requests for Admission, LGS was asked to admit that it materially breached its subcontract agreement with Walbridge, *id.* ¶¶ 1-3, and that Walbridge

2

incurred damages in the amount of $71,158.77 as a result of the breach, *id.* ¶ 4.  LGS was also asked to admit that, based on that breach, it had waived any rights to payment by Defendants, *id.* ¶¶ 5-7.  Finally, LGS was asked to admit that it had no evidence to demonstrate a genuine fact dispute regarding its claims against Defendants, *id.* ¶¶ 8-10.  LGS did not respond to the Requests for Admission by the response deadline and has not since responded to the First Requests for Admission.

DISCUSSION

**I.   Motion to Deem Admitted Defendants' Requests for Admission**

LGS never responded to Defendants' First Requests for Admission as required under Federal Rule of Civil Procedure 36(a)(3) and never sought to withdraw or amend the admissions under Rule 36(b).  Therefore, the Court finds that the matters in Defendants First Requests for Admission are deemed admitted. *See* Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.").

**II. Motion for Summary Judgment**

Defendants seek summary judgment as to LGS's claims against them.  Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the

3

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once the party moving for summary judgment meets its burden to show that there is no genuine fact dispute, the nonmoving party must produce evidence to show that there *is* a genuine fact dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Here, as discussed above, LGS is deemed to have admitted that it materially breached its subcontract agreement with Walbridge, that LGS has waived any right to payment by Defendants and that it has no evidence to demonstrate a genuine fact dispute regarding its claims against Defendants. For these reasons, the Court cannot find that any facts are in dispute with regard to LGS's claims against Defendants. *E.g., United States v. 2204 Barbara Lane*, 960 F.2d 126, 129 (11th Cir. 1992) (finding no fact dispute based on deemed admissions under Rule 36). Based on the deemed admissions, Defendants are entitled to summary judgment on LGS's claims against them.

## III. Motion for Default Judgment

Walbridge seeks a default judgment as to its counterclaim against LGS. As discussed above, Walbridge filed a Counterclaim against LGS, alleging that LGS had abandoned the project and that Walbridge had to pay certain expenses due to LGS's breach of the subcontract. LGS did not answer or otherwise respond to the Counterclaim, and the Clerk entered a default against LGS as

to Walbridge's Counterclaim against LGS.  LGS has not challenged the entry of default.

In its Counterclaim, Walbridge asserted that it incurred damages in the amount of $71,158.77 as a result of LGS's breach of the subcontract.  Answer & Countercl. 9 ¶ 34, ECF No. 10.  In addition, LGS is deemed to have admitted that Walbridge incurred damages in the amount of $71,158.77 as a result of LGS's breach because Walbridge had to complete LGS's contractual duties and obligations under the terms of the subcontract agreement. Defs.' Mem. in Supp. of Mot. to Deem Admitted Defs.' First Reqs. for Admis. Ex. C, Defs.' First Reqs. for Admis., ECF No. 30-5 ¶ 4.   Accordingly, the Court concludes that the amount of Walbridge's damages is $71,158.77, and the Court directs that the Clerk of Court enter judgment for Walbridge and against LGS in the amount of $71,158.77 on Defendant's counterclaim.

CONCLUSION

As discussed above, the Court grants Defendants' Motion to Deem Admitted Defendants' First Requests for Admissions, Motion for Summary Judgment and Motion for Default Judgment in Favor of Walbridge Aldinger Company (ECF No. 30).  Accordingly, the Clerk is directed to enter judgment in favor of Defendants on Plaintiff's claims and in favor of Walbridge and against LGS in the amount of $71,158.77 on Defendant's counterclaim.

6

IT IS SO ORDERED, this 27th day of December, 2011.

S/Clay D. Land

CLAY D. LAND
UNITED STATES DISTRICT JUDGE